### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **YANCIE M. BATES,** | : | **Case No. 09-cv-2821** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| **v.** | : | |
| **QUADREL LABELING** | : | **MEMORANDUM & ORDER** |
| **SYSTEMS,** *et al.*, | : | |
| **Defendants.** | : | |

Before the Court are Defendants Brian F. Rotz and Michael Vojacek's separate but substantively identical Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 22 and 29.)  As to each Defendant, Plaintiff Yancie M. Bates ("Plaintiff") filed a Response to the Motion to Dismiss, or in the Alternative, Request for Leave to Amend.  (Docs. 28 and 32.) For the reasons articulated below, the Court **GRANTS** Plaintiff's Request for Leave to Amend, and **DENIES** Defendants' Motions to Dismiss as moot.

## I.    RELEVANT BACKGROUND

On December 4, 2009, Plaintiff filed a *pro se* Complaint against his former employer, Defendant Quadrel Labeling Systems, alleging discrimination. (Doc. 1.) Defendant QLS Inc., d/b/a Quadrel Labeling Systems ("QLS"), filed an Answer to the original Complaint on February 26, 2010. (Doc. 6.)

Plaintiff subsequently retained counsel and, on March 3, 2010, filed an Amended Complaint (Doc. 7) alleging, among other claims, racial discrimination and retaliation under Title VII and Ohio Revised Code Chapter 4112.  The Amended Complaint (referred to herein as "the Complaint") added Brian Rotz and Michael Vojacek as defendants.

On July 16, 2010, the Court held a Case Management Conference ("CMC"), and entered a Case Management Plan, setting September 1, 2010 as the amended pleadings deadline. (Doc. 14.)

On August 10, 2010, Defendant Rotz filed the instant Motion to Dismiss, arguing that Plaintiff fails to plead any facts to make his claims against Rotz plausible.  (Doc. 22, citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, Rotz argues that Plaintiff's Complaint contains conclusory assertions of racial discrimination and harassment which are: (1) "devoid of factual content;" and (2) "completely made up of legal conclusions couched as factual allegations."  (Doc. 22 at 4).  As such, Rotz argues, Plaintiff has failed to allege facts sufficient to meet the requirements under *Iqbal* and *Twombly*.

On August 30, 2010, Defendant Vojacek filed a substantively identical Motion to Dismiss, arguing that Plaintiff's claims against him are not supported by factual allegations and therefore are not plausible on their face.  (Doc. 29.)

Plaintiff filed two separate but substantively identical Responses to Defendants' Motions, arguing that he set forth facts sufficient to meet the *Iqbal* and *Twombly* requirements.  (Docs. 28 and 32.) Specifically, Plaintiff points to portions of the Complaint alleging that Rotz and Vojacek "subjected Plaintiff to extreme, degrading and unwelcome racial harassment in the workplace because of his race, including but not limited to inappropriate, bigoted and demeaning and degrading comments to Plaintiff and others regarding African Americans." (Doc. 28 at 2; Doc. 32 at 2.)  In the alternative, Plaintiff asks the Court for leave to amend his Complaint to address any deficiencies therein.

On September 7, 2010, Defendant Rotz filed a Reply in Support of his Motion to Dismiss. (Doc. 30.)  In his Reply, Rotz simply reiterates his position that Plaintiff "has failed to put Rotz on

notice of the factual allegations of his claims or demonstrate to the Court that there exists any plausible claim for relief against Rotz." (*Id*. at 1.)  Rotz does not specifically address Plaintiff's alternative request to amend.  Defendant Vojacek did not file a reply, and the time for doing so has expired.

## II.   ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In deciding whether to grant a motion to amend, courts should consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc*., 427 F.3d 996, 1001 (6th Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave should, as the rules require, be 'freely given.'").

Upon full review of the Plaintiff's Complaint and the parties' briefing, the Court finds Plaintiff's request to amend well-taken and unopposed.  The Court finds no evidence that Plaintiff unduly delayed in requesting to amend or that he acted in bad faith.[1]  Although Plaintiff amended his original Complaint once "as a matter of course" within twenty-one days after Defendant QLS

---

[1] Notably, Plaintiff's request to amend in response to Defendant Rotz's Motion to Dismiss was made prior to the September 1, 2010 amended pleadings deadline set at the CMC.

3

filed its Answer (Doc. 6),[2] no other requests to amend have been sought or obtained.  There is no evidence that allowing the requested amendment would unfairly prejudice Defendants or that it would be futile.  As a result, the Court grants Plaintiff's request to amend.

Granting Plaintiff leave to amend the Complaint to more fully articulate his factual allegations against Rotz and Vojacek renders Defendants' Motions to Dismiss moot.  Defendants can, if appropriate, re-file any such motions in response to Plaintiff's Second Amended Complaint.

**III.**    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Request for Leave to Amend the Complaint (Docs. 28 and 32), and **DENIES** Defendants' Motions to Dismiss as moot (Docs. 22 and 29).  Plaintiff shall have **fourteen (14) days** from receipt of this Order to file a Second Amended Complaint addressing the issues raised in Defendants' Motions.


**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**


**Dated: December 21, 2010**

---

[2]Rule 15(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading."